# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVYN KLEIN, Derivatively On Behalf Of BLUEBIRD BIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICK LESCHLY, MARK VACHON, JOHN O. AGWUNOBI, WENDY L. DIXON, DANIEL S. LYNCH, WILLIAM R. SELLERS, AND CHIP BAIRD, <br><br> Defendants, <br><br> -and- <br><br> BLUEBIRD BIO, INC., <br><br> Nominal Defendant. | C.A. No. 21-279-CFC |

## STIPULATION AND [PROPOSED] ORDER TO GOVERN ACCEPTANCE OF SERVICE AND TRANSFER VENUE

Plaintiff Melvyn Klein ("Plaintiff") and Defendants Nick Leschly, Mark Vachon, John O. Agwunobi, Wendy L. Dixon, Daniel S. Lynch, William R. Sellers, and Chip Baird (collectively, the " Individual Defendants") and nominal defendant bluebird bio, Inc. ("bluebird," and together with Plaintiff and the Individual Defendants, the "Parties"), by and through their undersigned counsel, hereby

stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on February 24, 2021, Plaintiff filed the above-captioned derivative action asserting a claim under Section 10(b) and 21D of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, a claim of breach of fiduciary duty, and a claim of corporate waste (the "Complaint," D.I. 1);

WHEREAS, the Parties have conferred and agree that this case should be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) for at least the following reasons:

1. The Individual Defendants reside and/or work in Massachusetts, and bluebird bio, Inc. is a Delaware corporation with its corporate headquarters in Cambridge, Massachusetts. *See Ahrens v. CTI BioPharma Corp.*, 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) ("While there is no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter.") (internal citations omitted);

2. The Parties agree that transferring this case to the United States District Court for the District of Massachusetts is in the interest and the convenience of the Parties and witnesses, likely most of whom are located in Massachusetts. *See Blass v. Capital Int'l Sec. Grp.*, 2001 WL 301137 (E.D.N.Y. Mar. 23, 2001)

("Convenience of witnesses is usually the most important consideration in analyzing a motion to transfer under § 1404(a)."); *see also In re Global Cash AccessHoldings, Inc. Sec. Litig.*, No. 08 Cv. 3516, 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008) ("The [c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.") (internal citations omitted);

3. The above-captioned case is related to the securities class action pending in the United States District Court for the District of Massachusetts, captioned *Leung v. bluebird bio, Inc.*, Case No. 1:21-cv-10335; and

4. The securities claims in the above-captioned action could have been brought in the United States District Court for the District of Massachusetts under 28 U.S.C. § 1391(b)(1) because a substantial part of the events allegedly giving rise to the claim occurred in the District of Massachusetts.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and respectfully requested, by the parties hereto, by and through their undersigned counsel, subject to the approval of the Court, that:

1. The Undersigned attorneys for Defendants are authorized to and hereby accept service of the Complaint on behalf of all Defendants;

2. Pursuant to 28 U.S.C. § 1404, the above-captioned matter shall be transferred to the United States District Court for the District of Massachusetts; and

3

3. Upon the transfer of this action to the United States District Court for the District of Massachusetts, the Parties shall confer and make a joint proposal to the transferee Court regarding the regarding a schedule for the orderly progress of these proceedings.

| | |
|---|---|
| */s/ Ryan M. Ernst* | */s/ Nicole K. Pedi* |
| Ryan M. Ernst (No. 4788) | Rudolf Koch (# 4947) |
| BIELLI & KLAUDER, LLC | Matthew D. Perri (#6066) |
| 1204 N. King Street | Nicole K. Pedi (#6236) |
| Wilmington, DE 19801 | RICHARDS LAYTON & FINGER, P.A. |
| Telephone: (302) 803-4600 | One Rodney Square |
| Facsimile: (302) 397-2557 | 920 North King Street |
| Email: rernst@bk-legal.com | Wilmington, DE 19801 |
| | (302) 651-7700 |
| OF COUNSEL: | koch@rlf.com |
| | perri@rlf.com |
| Thomas J. McKenna | pedi@rlf.com |
| Gregory M. Egleston | |
| GAINEY MCKENNA & EGLESTON | OF COUNSEL: |
| 501 Fifth Avenue, 19th Floor | |
| New York, NY 10017 | Deborah S. Birnbach |
| Telephone: (212) 983-1300 | Jennifer B. Luz |
| Facsimile: (212) 983-0383 | GOODWIN PROCTER LLP |
| Email: tjmckenna@gme-law.com | 100 Northern Avenue |
| Email: gegleston@gme-law.com | Boston, MA 02210 |
| | 617-570-1000 |
| *Attorneys for Plaintiff* | DBirnbach@goodwinlaw.com |
| | JLuz@goodwinlaw.com |
| | |
| | *Attorneys for Defendants and Nominal Defendant* |
| April 9, 2021 | |

4

SO ORDERED this _____ day of _____, 2021.


_____
United States District Judge